NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 2 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CORY MISRAJE, a.k.a. Cory Spencer Misraje,<br><br>Defendant - Appellant. | Nos. 14-50405<br>15-50321<br><br>D.C. No. 2:09-cr-00992-PSG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

In these consolidated appeals, Cory Misraje appeals from the district court's

judgment and challenges the imposed GPS monitoring as a condition of supervised

release.   We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Misraje contends that the district court erred by modifying his conditions of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

supervised release to include GPS monitoring because it did not first hold an evidentiary hearing, and because the condition was not reasonably related to the goals of supervision and imposed a greater deprivation of liberty than reasonably necessary.   We review for abuse of discretion.  *See United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006).   Contrary to Misraje's contention, the district court was not required to hold an evidentiary hearing before modifying a supervised release condition.   *See United States v. King*, 608 F.3d 1122, 1130 (9th Cir. 2010). Moreover, in light of Misraje's history and need to protect the public, the district court did not abuse its discretion by imposing the GPS monitoring condition.   *See Weber*, 451 F.3d at 557-58.

**AFFIRMED.**